## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONIQUE D. DOTSON, | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **No. 08-149** |
| | : | |
| SUPERINTENDENT | : | |
| D.M. CHAMBERLAIN, et al., | : | |
| **Respondents** | : | |

### REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**
**U.S. MAGISTRATE JUDGE**                                                        **August 7, 2008**

Petitioner Monique Deanna Dotson filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  She is incarcerated at the State Correctional Institution at Muncy, Pennsylvania for aggravated assault.  See Criminal Docket at 3, Commonwealth v. Dotson, No. CP-39-CR-0000237-2001 (Ct. Com. Pl. Lehigh) [hereinafter Criminal Docket].  For the following reasons, I respectfully recommend Dotson's claims be DENIED with prejudice as procedurally defaulted.

### FACTUAL AND PROCEDURAL HISTORY

On November 5, 2001, Dotson pled nolo contendere to aggravated assault on a prison guard.  See Criminal Docket at 7.  On May 8, 2002, the court sentenced Dotson to no less than sixteen months and no more than ten years imprisonment.  See id. at 10.

Dotson filed a motion to reconsider and modify her sentence on May 14, 2002, see Motion to Reconsider and Modify Sentence, Commonwealth v. Dotson, No. 237/2001 (Ct. Com. Pl. Lehigh filed May 14, 2002), which was denied, see Order, Commonwealth v. Dotson, No. 237/2001 (Ct. Com. Pl. Lehigh June 24, 2002).  On July 24, 2002, Dotson filed a notice of appeal to the Superior Court to challenge the court's minimum sentence exceeding the standard guideline range, and the court's imposition of the statutory maximum sentence without appropriate justification.  See Concise Statement

of Matters Complained of on Appeal, <u>Commonwealth v. Dotson</u>, No. 237 of 2001 (Ct. Com. Pl. Lehigh

filed Aug. 12, 2002).  The Superior Court subsequently dismissed the appeal for failure to file a brief on

March 11, 2003.  <u>See</u> <u>Commonwealth v. Dotson</u>, 2298 EDA 2002 (Pa. Super. Ct. 2003) (unpublished

opinion).  Dotson did not seek allocatur.

On May 5, 2005, Dotson filed a pro se petition pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541 et seq., alleging the following claims by checking boxes or writing

responses on the form: 1) ineffective assistance of counsel; 2) her plea of guilty was unlawfully induced;

3) her innocence because her medical research indicates the injuries to the prison guard could not have

occurred as stated because pulling hair would not cause the scalp injuries at issue, a herniated disk is not

caused from a kick in the back, and medical evidence showed no injuries to her feet or hands to support

she caused the prison guard's injuries; and 4) her innocence because she suffered an anemic episode at

the time of the incident.  <u>See</u> Motion for Post Conviction Collateral Relief at 2-3, <u>Commonwealth v.</u>

<u>Dotson</u>, No. 237 of 2001 (Ct. Com. Pl. Lehigh filed May 5, 2005).  Carmen Marinelli, Esquire was

appointed to represent Dotson, provided Dotson with a no merit "Finley letter," and moved to withdraw.

<u>See</u> Motion to Withdraw as Legal Counsel, <u>Commonwealth v. Dotson</u>, No. 237 of 2001 (Ct. Com. Pl.

Lehigh filed Aug. 15, 2005).

The court held a hearing on November 21, 2005 to determine if any applicable exceptions existed

to excuse the late filing of the PCRA petition.  <u>See</u> PCRA Hearing at 2-5, <u>Commonwealth v. Dotson</u>,

No. 2001/0237 (Ct. Com. Pl. Lehigh Nov. 21, 2005).  Under Pennsylvania law, Dotson's PCRA petition

should have been filed no later than April 10, 2004, which was one year after her conviction became

final.[1]  42 Pa. Cons. Stat. § 9545(b)(1) (petition must be filed within one year of the time conviction

_____

[1] Dotson's conviction became final on April 10, 2003, thirty days after the Superior
Court dismissed the appeal and Dotson's time to file a petition for allowance of appeal with the

becomes final).  Dotson testified her filing was untimely because she did not understand the law and

lacked comprehension.  See id. at 4-5.  On May 24, 2006, the court granted Marinelli's motion to

withdraw, and dismissed the petition as untimely, finding Dotson's reasons for filing late failed to satisfy

any of the statute's enumerated exceptions.  See Order, Commonwealth v. Dotson, CR-0237-2001 (Ct.

Com. Pl. Lehigh May 24, 2006); Commonwealth v. Dotson, CR-0237-2001 (Ct. Com. Pl. Lehigh May

24, 2006) (unpublished opinion).

On December 14, 2006, the Superior Court dismissed Dotson's appeal for failure to file a brief.

See Commonwealth v. Dotson, 1650 EDA 2006 (Pa. Super. Ct. 2006) (unpublished opinion).  On June

14, 2007, the Supreme Court of Pennsylvania denied Dotson's petition for allowance of appeal.

Commonwealth v. Dotson, 202 MAL 2007 (Pa. 2007) (table).

On January 5, 2008,[2] Dotson filed this habeas corpus petition and it appears[3] she alleges: 1)

counsel ineffectiveness for telling her to plea nolo contender when she questioned why she should take a

plea for something she did not do and pled not guilty;[4] 2) denial of her right to appeal; 3) actual

---

Supreme Court of Pennsylvania expired.  Pa. R. App. P. 1113 (petition for allowance of appeal
shall be filed within thirty days of a Superior Court's decision).

[2]  The earliest date Dotson's federal petition can be deemed filed is January 5, 2008, the
date on which Dotson's petition was signed.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)
("a pro se prisoner's petition is deemed filed at the moment he delivers it to prison officials for
mailing to the district court").

[3]  Courts should construe pro se pleadings liberally.  United States v. Otero, 502 F.3d
331, 334 (3d Cir. 2007); see Haines v. Kerner, 404 U.S. 519, 520 (1972) ("however inartfully
pleaded" a pro se prisoner complaint is held "to less stringent standards than formal pleadings
drafted by lawyers...."); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

[4]  The record establishes Dotson pled nolo contendere and did not plea not guilty.  At her
nolo contendere plea hearing, Dotson testified in response to the court "that's why I said I'm
going with the nolo," and that she understood when the court told her the plea is "not a guilty
plea, but it is a conviction."  See Notes of Testimony (Nolo Contendere Plea) at 5, 7,
Commonwealth v. Dotson, No. 2001/237 (Ct. Com. Pl. Lehigh Nov. 5, 2001).  The court also
asked Dotson if she had any questions about the rights she was giving up or about the sentence

3

innocence because she never kicked or assaulted the prison guard;[5] and 4) a due process violation under Brady v. Maryland, 373 U.S. 83 (1963) based on withheld evidence of a doctor's report showing she had no injuries after the incident to her feet, knees, hands or legs.  See Petition at 9, Dotson v. Chamberlain, No. 08-149 (E.D. Pa. filed Jan. 7, 2008) [hereinafter Petition].  Dotson also sent numerous letters, the majority reiterating her claim of innocence and describing her version of the assault.[6]  See Letters from Monique Dotson to the Clerk of Courts (to be docketed with this report and recommendation).

## DISCUSSION

Dotson's claims are procedurally defaulted because she did not fairly present them to the state courts and state procedural rules now bar her from seeking further relief in the state courts.

A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted her available remedies in state court.  28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).  A state prisoner must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues."  O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197; see also Woodford v. Ngo,

---

she can receive, and Dotson stated she did not.  Id. at 7; Notes of Testimony (Sentencing) at 13-15, Commonwealth v. Dotson, No. 2001/237 (Ct. Com. Pl. Lehigh May 8, 2002).

[5] Dotson provided self-drawn pictures of a spine and scalp to show the injuries the prison guard alleged could not have occurred as stated because a herniated disk is not caused by a kick, and instead is a degenerative condition, and scalp surgery is not required from hair being pulled. See Petition at 9.  Furthermore, Dotson alleges no evidence exists to support she kicked the prison guard because x-rays of Dotson's feet, hands, and legs show no injury, she suffered "anmia," and was in an episode when the guard knocked her off balance and she held onto the prison guard's hair, and she watched another guard kick the prison guard while they were both on the floor.  Id.

[6] In some of her letters to the clerk, Dotson requests medical care and a transfer to New York, and alleges her civil rights are being violated because she is abused and denied medical care and envelopes.  Such claims are not cognizable here.  See, e.g., Lor v. Varner, 2003 WL 22845413, at *2 (E.D. Pa. Nov. 26, 2003) (Caracappa, J.).

126 S.Ct. 2378, 2386-87 (2006).[7]  A petitioner "shall not be deemed to have exhausted the remedies

available . . . if [s]he has the right under the law of the [s]tate to raise, by any available procedure, the

question presented."  28 U.S.C. § 2254(c).

A claim "fairly presented" to the state courts is exhausted.  Baldwin v. Reese, 541 U.S. 27, 29

(2004); O'Sullivan, 526 U.S. at 848; Nara, 488 F.3d at 197; Cristin v. Brennan, 281 F.3d 404, 410 (3d

Cir. 2002); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  The relevant inquiry is whether the

petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas

petition.  Nara 488 F.3d at 198;  Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001); see Revels v.

DiGuglielmo, 2005 WL 1677951, *4 (E.D. Pa. 2005) (DuBois, J.).

"[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be

required to present his claims in order to meet the exhaustion requirement would now find the claims

procedurally barred . . . there is procedural default for purposes of federal habeas . . . ."  Coleman v.

Thompson, 501 U.S. 722, 735 n.1 (1991); McCandless, 172 F.3d at 260.  Although the issue is best

addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law

would unambiguously deem it defaulted.  Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995).  Similarly,

procedural default occurs when a petitioner presented the claim in the state system, but the state court

refuses to address the claim on the merits because of "an established state rule of law independent of the

federal claim and adequate to support the refusal."  Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996)

(citing Coleman, 501 U.S. at 750).  This procedural default doctrine prohibits federal courts from

reviewing a petitioner's claim defaulted in state courts on an independent and adequate state law ground.

---

[7] Pennsylvania Supreme Court Order No. 218 declares federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

<u>Coleman</u>, 501 U.S. at 729; <u>see</u> <u>Leyva v. Williams</u>, 504 F.3d 357, 365 (3d Cir. 2007); <u>Nara</u>, 488 F.3d at

199; <u>Griggs v. DiGugliemlo</u>, 2007 WL 2007971, at *5 (E.D. Pa. Jul. 3, 2007) (Yohn, J.).

     An adequate state law ground exists if: "(1) the state procedural rule speaks in unmistakable

terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the

state courts' refusal in this instance is consistent with other decisions." <u>Doctor v. Walters</u>, 96 F.3d 675,

683-84 (3d Cir. 1996).  It must be a rule of general applicability which is "firmly established, readily

ascertainable, and regularly followed." <u>See</u> <u>Leyva</u>, 504 F.3d at 366 (quoting <u>Szuchon v. Lehman</u>, 273

F.3d 299, 327 (3d Cir. 2001)).  The purpose of the procedural default rule is to prevent habeas

petitioners from avoiding the exhaustion doctrine by defaulting their federal claims in state court.

<u>Coleman</u>, 501 U.S. at 732.

     An issue is waived if a petitioner fails to properly brief the issue on appeal as required by

Pennsylvania Rule of Appellate Procedure 2101-88.  <u>See</u> Pa. R. App. P. 2101-88; <u>Clymer v. Combine</u>,

2005 WL 711651, at *4 (E.D. Pa. Mar. 29, 2005) (Wells, J.) (the appellate rules require adequate

briefing of the issues on appeal).  Moreover, the PCRA provides collateral actions must be filed within

one year of the date on which the conviction became final.  42 Pa. Cons. Stat. § 9545(b)(1).  Such state

law waiver and PCRA statute of limitation rules are independent and adequate state law grounds that bar

federal habeas review.  <u>Peterson v. Brennan</u>, 196 Fed. Appx. 135, 142 (3d Cir. Sept. 26, 2006); <u>Griggs</u>,

2007 WL 2007971, at *5; <u>Frey v. Stowitzky</u>, 2007 WL 1574768, at *2 (E.D. Pa. May 31, 2007) (Giles,

J.) (claims procedurally defaulted in federal court because petitioner's direct appeal was dismissed for

failure to file a brief and his PCRA petition was untimely); <u>Clymer</u>, 2005 WL 711651, at *4-5 (claim

procedurally defaulted because state court has consistently found issues waived if defendant fails to

properly brief the issues).  They are rules of general applicability which are "firmly established, readily

ascertainable, and regularly followed." <u>See</u> <u>Leyva</u>, 504 F.3d at 366 (quoting <u>Szuchon</u>, 273 F.3d at 327).

Dotson failed to properly present any of her claims to the state court. She did not raise any of the claims in her federal petition on direct appeal. Rather, in her notice of appeal she raised sentencing issues and failed to file a brief. Additionally, even if she raised her claims in her PCRA petition, the court dismissed the petition as untimely and did not address the claims. Thus, Dotson failed to comply with independent and adequate state procedure rules. See Frey, 2007 WL 1574768, at *2; Clymer, 2005 WL 711651, at *4.

Moreover, Dotson's conviction became final on April 10, 2003, thirty days after the Superior Court dismissed the appeal and Dotson's time to file a petition for allowance of appeal with the Supreme Court of Pennsylvania expired. Pa. R. App. P. 1113 (petition for allowance of appeal shall be filed within thirty days of a Superior Court's decision); see, e.g., Harris v. Vaughn, 129 Fed. Appx. 684, 685 (3d Cir. 2005) (where petitioner did not file an allocatur petition in the Pennsylvania Supreme Court, his judgment of sentence became final thirty days after the Superior Court affirmed his convictions). Dotson is now beyond the one-year limitations period for filing additional PCRA petitions to raise these claims. § 9545(b)(1) (petition, even second or subsequent, must be filed within one year of the time conviction becomes final). Accordingly, Dotson's claims are procedurally defaulted because she failed to properly present them to the state courts and independent and adequate state law grounds now preclude state court review. Coleman, 501 U.S. at 729; Peterson, 196 Fed. Appx. at 142; Griggs, 2007 WL 20007971, at *5.

Dotson may obtain federal habeas review of claims defaulted pursuant to independent and adequate state procedural rules only if she "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Smith v. Murray, 477 U.S. 527, 533 (1986); see also Murray v. Carrier, 477 U.S. 478, 485 (1986); Leyva, 504 F.3d at 362 n.6, 366;

Griggs, 2007 WL 2007971, at *5. This requirement is grounded in the need for finality and comity, i.e., ensuring state courts have an adequate opportunity to review a case on the merits. Smith, 477 U.S. at 533.

To constitute cause to excuse default, Dotson must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488); Sistrunk, 96 F.3d at 675. To establish prejudice, Dotson must show "actual prejudice resulting from the errors of which [s]he complains." McClesky v. Zant, 499 U.S. 467, 494 (1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Actual prejudice exists if the alleged errors "worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

Dotson cannot establish cause and prejudice to excuse her default. Dotson does not identify, and I cannot find, evidence to establish cause for the procedural default.[8] See Coleman 501 U.S. at 753; (Memo of Law at 9-11). Nor can she establish prejudice by showing the alleged error worked to his "actual and substantial disadvantage." See Frady, 456 U.S. at 170 (emphasis deleted).

To establish the requisite fundamental miscarriage of justice, Dotson must demonstrate "actual innocence," Schlup v. Delo, 513 U.S. 298, 324 (1995); Leyva, 504 F.3d at 366, i.e., "new

---

[8] Although not cited as cause for the procedural default, any alleged ineffectiveness of appellate or PCRA counsel cannot establish cause for Dotson's failure to raise the claim in state court. Ineffective assistance of counsel on direct appeal is an independent constitutional claim and will not establish cause for procedural default of another claim unless the ineffective assistance of counsel claim was first properly raised in state court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Line v. Larkins, 208 F.3d 153, 167 (3d Cir. 2000). No constitutional right exists to counsel in state collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Tillett v. Freeman, 868 F.2d 106, 108 (3d Cir. 1989). Therefore, a petitioner cannot claim constitutional ineffective assistance of post-conviction counsel to excuse default. Coleman, 501 U.S. at 757; Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992). Additionally, any alleged ignorance of the law does not excuse procedural default. Golden v. Sabol, 2007 WL 4616599, at *9 (E.D. Pa. June 15, 2007) (Hey, J.).

reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial, Schlup, 513 U.S. at 324; Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004) (addressing claim of actual innocence but rejecting it on the merits), that would make it more likely than not that "no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." See House v. Bell, 547 U.S. 518, 538 (2006); Schlup, 513 U.S. at 329 (even a "concededly meritorious constitutional violation" is not sufficient to establish a miscarriage of justice to excuse procedural default absent new evidence of innocence). Dotson must show that no reasonable juror would have found her guilty, not merely that a reasonable doubt exists in light of the new evidence. Schlup, 513 U.S. at 329.

Construing Dotson's petition liberally, Otero, 502 F.3d at 334, it appears she alleges actual innocence due to the impossibility of the injuries occurring as stated. She alleges new evidence of medical records support her innocence because they establish she had no injuries on her feet or hands.[9] See Petition at 9. Dotson would have been aware of her own medical evidence at the time of trial because she underwent the evaluations and would have felt injuries if they existed, and therefore, this is not new evidence demonstrating actual innocence. See Schlup, 513 U.S. at 324. Moreover, Dotson fails to establish how her lack of injuries would preclude a jury from finding she injured a prison guard. Nor can she establish how such evidence can be reconciled with her nolo contendere plea. Thus, Dotson

---

[9] To the extent Dotson believes her actual innocence claim constitutes a basis for relief, it is without merit. Claims of actual innocence based on newly discovered evidence are never grounds for federal habeas relief absent an independent constitutional violation. See Herrera v. Collins, 506 U.S. 390, 400 (1993); see also Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004). Rather, an actual innocence claim based on new evidence serves only as a "gateway" to allow federal review of a procedurally defaulted constitutional claim, and avoid a miscarriage of justice. See House, 547 U.S. at 536, 537.

cannot establish no reasonable juror would have found her guilty, thereby excusing her default under the miscarriage of justice exception. House, 547 U.S. at 538; Schlup, 513 U.S. at 329.[10]

      Accordingly, I make the following:

---

[10] Although the government did not raise the issue of timeliness and I do not recommend dismissal on that basis, Dotson's federal petition also appears untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one- year federal limitations period for filing applications for writs of habeas corpus.  28 U.S.C.A. § 2244(d)(1); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (an untimely PCRA petition is not properly filed to toll the AEDPA limitations period); Gatewood v. Thomas, 2008 WL 162154, at *3 (E.D. Pa. Jan. 14, 2008) (O'Neill, J.) (PCRA petition filed after the federal limitation period expired cannot toll the AEDPA limitation period); Brown v. Wolfe, 2005 WL 2600223, at *4 (E.D. Pa. Oct. 3, 2005) (Scuderi, J.) (same).  I may raise the AEDPA limitations issue sua sponte, Day v. McDonough, 547 U.S. 198, 209 (2006); United States v. Bendolph, 409 F.3d 155, 166 (3d Cir. 2005), but I must give the parties fair notice and an opportunity to respond, Day, 547 U.S. at 210. Because I recommend this petition be denied as procedurally defaulted, there is no need to provide notice and an opportunity to respond on the timeliness of the petition.  See Golden, 2007 WL 4616599, at *8 (because raising the statute of limitations sua sponte is discretionary, court proceeded to address procedural default).

## RECOMMENDATION

AND NOW, this 7th day of August, 2008, it is respectfully recommended Dotson's claims be DENIED with prejudice as procedurally defaulted.  It is further recommended that there is no probable cause to issue a certificate of appealability.[11]  The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof.  See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.  See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

_____
TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

---

[11]  Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted.  See id.