```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MONIQUE D. DOTSON              :    CIVIL ACTION
                               :
                               :
          v.                   :
                               :
D.M. CHAMBERLAIN               :    NO. 08-149
```

ORDER

AND NOW, this 29th day of October, 2008, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1) and the respondents' response thereto (Docket No. 11), and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Docket No. 13) and the petitioner's Objections thereto (Docket No. 29), IT IS HEREBY ORDERED that:

    1.   The petitioner's Objections are OVERRULED.

    2.   The Report and Recommendation is APPROVED and ADOPTED.

    3.   The Petition for Writ of Habeas Corpus is DENIED and DISMISSED as procedurally defaulted.

    4.   There is no basis for the issuance of a certificate of appealability.

The report and recommendation concludes that the petitioner's claims must be dismissed because they are procedurally defaulted. Dotson did not file a Post-Conviction Relief Act ("PCRA") petition within one year of the date on which

her conviction became final.  See 42 Pa. Cons. Stat. § 9545(b)(1).  The claims in her habeas petition therefore were not "fairly presented" to the state courts, and Dotson has thus failed to exhaust her state administrative remedies.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Because state procedural rules would now bar her from seeking further relief in state court, the federal courts cannot review Dotson's claims unless she can show cause for and actual prejudice from the default, or if she can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 735 n.1, 750 (1991).

A plaintiff can establish a fundamental miscarriage of justice by demonstrating "actual innocence."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  In her objections to Magistrate Judge Rice's report and recommendation, Dotson continues to assert her innocence of the charge against her.  In support, she argues that she cannot have committed the assault with which she was charged because medical records show that she had no injuries on her hands or feet.  The Court agrees with the report and recommendation that Dotson would have known of her own medical condition at the time of her trial because she underwent medical evaluations at that time and would have felt injuries if they had existed.  See Report and Recommendation of Magistrate Judge

Timothy R. Rice at 9, August 7, 2008.[1]  Dotson thus provides no new evidence of her innocence that could not have been discovered by reasonable diligence before trial.  Even if she had, claims of actual innocence based on newly discovered evidence are never grounds for federal habeas relief absent an independent constitutional violation.  <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993); <u>Fielder v. Varner</u>, 379 F.3d 113, 122 (3d Cir. 2004).  This objection is therefore overruled.

      Dotson also objects to the report and recommendation's finding that her petition is procedurally defaulted because her PCRA petition was untimely.  She argues that she was not "advise[d] about" filing a PCRA petition.  However, ignorance of the law, whether on the part of the petitioner or her counsel, cannot serve as cognizable "cause" for procedural default. <u>Cristin v. Brennan</u>, 281 F.3d 404, 420 (3d Cir. 2002).  To show cause, Dotson would have needed to show that "some objective factor external to the defense impeded" efforts to comply with the state procedural rule.  <u>Id.</u>  Dotson has not made such a showing.[2]

---

[1] In her objections, the plaintiff also appears to be requesting that the Court "subpoena" various additional medical records.  It is not entirely clear why the plaintiff wishes to obtain these records.  In any case, this request is not appropriate at this stage.

[2] As the report and recommendation points out, the state court held a hearing on November 21, 2005 to determine whether there existed any applicable exceptions to excuse the late PCRA

Finally, Dotson asks that the Court transfer this case to "another distric[t]." However, the plaintiff appears to request that this court transfer the case to a different state court, in either "Northampton, Reading, [or] Lancaster, PA." Her concern appears to be that the state court sentencing judge not be allowed to further participate in these proceedings. This case is now in federal court, and the plaintiff does not argue that either jurisdiction or venue is improper in this judicial district. This request is therefore inappropriate.

For the foregoing reasons, the Court will adopt the Magistrate Judge's report and recommendation, and overrule the petitioner's objections thereto. Dotson's petition for a writ of habeas corpus is therefore denied and dismissed.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

---

filing. Dotson offered no explanation other than her lack of comprehension of the law. See Notes of Testimony (PCRA Hearing) at 4-5, Commonwealth v. Dotson, No. 2001/0237 (Ct. Com. Pl. Nov. 21, 2005).